UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LESA WRIGHT,

         Plaintiff    DECISION AND ORDER

-vs-

                16-CV-6156 CJS

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

         Defendant.
_____

APPEARANCES

For the Plaintiff:    Lesa Wright, *pro se*
         183 Metropolitan Drive
         Rochester, New York 14620

For the Defendant:   David L. Brown
         Social Security Administration
         Office of General Counsel
         26 Federal Plaza, Room 3904
         New York, New York 10278

         Kathryn L. Smith, A.U.S.A.
         Office of the United States Attorney
         for the Western District of New York
         100 State Street
         Rochester, New York 14614

INTRODUCTION

   This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), which denied the application of Lesa Wright ("Plaintiff") for Supplemental Security Income Benefits. Now before the Court is Defendant's motion (Docket No. [#10]) for

judgment on the pleadings. Oral argument had been scheduled to be heard on August 3, 2017. However, Plaintiff defaulted in responding to Defendant's motion, and the Court is therefore cancelling oral argument and issuing its decision. Defendant's application is granted and this action is dismissed.

FACTUAL BACKGROUND

The reader is presumed to be Defendant's motion [#10], which contains a recitation of the pertinent facts. The Court has reviewed the administrative record [#8] and will reference it only as necessary to explain this Decision and Order.

Plaintiff claims to be disabled due to both physical and mental impairments, but it is clear that the physical impairments are not disabling in and of themselves, and merely limit the exertional level at which Plaintiff can work. In that regard, Plaintiff claims to have significant pain in her left shoulder, from a healed fracture. Plaintiff treats the pain with Ibuprofen as needed. (53). Plaintiff maintains that the shoulder pain limits her ability to lift the left arm above her head or to use it repetitively. (55). Medical opinion evidence indicates that Plaintiff has a moderate limitation on pushing, pulling, lifting and reaching involving the left shoulder. (236-239).[1] Plaintiff also has diabetes that she treats with medication, diet and exercise. During her consultative internal medication examination, Plaintiff reportedly "denie[d] any complications from diabetes." (236).

The main thrust of Plaintiff disability claim is her contention that non-exertional impairments limit her ability to work. More specifically, Plaintiff claims to suffer from depression and anxiety, for which she takes Paxil. (53). Plaintiff contends that the Paxil

---

[1]Unless otherwise noted, citations are to the administrative record [#8].

causes her to feel fatigued. (56, 57). Plaintiff contends that the depression, anxiety and fatigue limit her ability to concentrate, and require her to take a nap after any period of prolonged concentration. Plaintiff further claims that she has difficulty getting along with people. (58).[2]

On September 24, 2014, the ALJ conducted a hearing at which Plaintiff appeared by herself and waived her right to have an attorney. (49). The issue before the ALJ was whether Plaintiff was disabled at any time between May 28, 2013 (the date that the SSI application was filed) and the date of his decision.[3] Plaintiff's treatment records, covering the period 2011-2014, were sparse, and consisted primarily of office notes from her visits to her primary care physician, for monitoring of her diabetes and other routine matters.[4] Plaintiff was prescribed Paxil for anxiety and depression during that period, but did not seek mental health counseling or other treatment. Plaintiff indicates that she had previously received counseling between 2006-2008, and did not find it helpful.

The only medical source opinions were from a consulting internist and a consulting psychologist, each of whom examined Plaintiff once, and a non-examining agency review physician. None of these medical source opinions indicated that Plaintiff was unable to work. The consulting internist, Harbinder Toor, M.D. ("Toor"), reported

---

[2]This assertion, unlike most of her others, appears to be amply supported by the record, as Plaintiff was astonishingly rude and combative toward the Administrative Law Judge ("ALJ") throughout the entire hearing. (45-74). Plaintiff apparently has had several prior disability claims processed and denied, and therefore wrongly assumed that the ALJ ought to know everything about her.

[3]*See, Frye ex rel. A.O. v. Astrue*, 485 Fed.Appx. 484, 485 n.1 (2d Cir. Jun. 13, 2012) (Observing that the relevant time period for an SSI benefits application is "the date the SSI application was filed, to ... the date of the ALJ's decision").

[4]Transcript [#8], Exhibits B1F, B5F and B6F (66 pages total).

3

that Plaintiff engaged in normal activities of daily living, such as cooking, cleaning, shopping and providing childcare. (237). The consultative psychologist, Yu-Ling Lin, Ph.D. ("Dr. Lin"), noted that Plaintiff's "manner of relating was poor," that her affect and mood were "irritable," and that she had stated, in response to being asked to perform a certain test of attention and concentration, that she "was not in the mood to perform the task." (243). The psychologist indicated that Plaintiff was "markedly limited in relating adequately with others and [in] dealing with stress." (244). On this point, the psychologist commented that Plaintiff's "difficulties are caused by a lack of motivation and stress-related problems." (244). The psychologist further opined that while Plaintiff's examination results were "consistent with psychiatric problems," those problems did "not appear to be significant enough to interfere with [her] ability to function on a daily basis." (244).

The ALJ gave "significant weight" to the medical opinions, and found, with regard to exertional limitations, that Plaintiff could perform light work, except that she could not engage in "overhead reaching" with her left arm. (15). With regard to non-exertional impairments, the ALJ found, *inter alia*, that Plaintiff could perform simple unskilled work (with breaks every two hours), requiring only "routine, superficial" contact with co-workers during 1/3 of the workday or less, and further requiring no contact with the public. (15). Overall, applying the familiar five-step sequential analysis used to evaluate disability claims, the ALJ found that Plaintiff could not perform any past relevant work, but that she could perform other jobs, such as "Inspector," DOT 559.687-074, and "Packager," DOT 753.687-038. (18). Consequently, the ALJ denied Plaintiff's

application for SSI benefits.

Plaintiff appealed, alleging only that "a lot of the [ALJ's] statements" were "lies [that were] not true." (6). While the appeal was pending, Plaintiff sent a letter to the Appeals Council, indicating that her diabetes condition had worsened. The Appeals Council declined to review the ALJ's determination.

On March 10, 2016, Plaintiff filed the subject action, proceeding *pro se.* Plaintiff's Complaint [#1] does not indicate why she believes that the Commissioner's determination is incorrect. On March 9, 2017, Defendant filed a motion for judgment on the pleadings, and on March 14, 2017, the Court issued a Motion Scheduling Order [#11], directing Plaintiff to file and serve any response on or before May 8, 2017. Plaintiff did not file a response, nor has she otherwise contacted the Court.

## STANDARDS OF LAW

42 U.S.C. § 405(g) states, in relevant part, that "[t]he findings of the Commissioner of Social security as to any fact, if supported by substantial evidence, shall be conclusive." The issue to be determined by this Court is whether the Commissioner's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

## DISCUSSION

Plaintiff's Complaint [#1] does not explain why she filed this action, and she defaulted in responding to Defendant's motion for judgment on the pleadings.

5

Consequently, the Court has no idea why Plaintiff believes that the Commissioner's ruling should be reversed, except that she apparently thinks that the ALJ's determination contains "lies." Despite that, the Court cannot simply grant Defendant's unopposed motion. Rather,

> [w]hen, as here, the Court is presented with an unopposed motion, it may not find for the moving party without reviewing the record and determining whether there is sufficient basis for granting the motion. Although failure to respond may allow the district court to accept the movant's factual assertions as true, the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law. Additionally, *pro se* litigants are entitled to a liberal construction of their pleadings, and therefore their complaints should be read to raise the strongest arguments that they suggest.

*Diaz v. Colvin*, No. 13-CV-664 MAT, 2014 WL 2931583, at *3 (W.D.N.Y. June 27, 2014) (citations and internal quotation marks omitted).

Having reviewed the entire record, the Court believes that the strongest argument that Plaintiff could have raised is that the ALJ failed to develop the record. However, for the reasons discussed below, that argument lacks merit.

Plaintiff reportedly obtained mental health counseling at "Rochester Rehabilitation" between 2006 and 2008. (146, 196). Plaintiff indicated that she stopped attending such therapy because she felt that she was "getting worse" as a result, not better. (61-62) ("I already went to counseling for two years, it didn't work. . . . Counseling didn't help me, made me worse."); (196) ("I was getting worse."). The record does not contain any notes from those sessions.[5] However, the Court cannot

---

[5] It appears that the agency reviewer who initially denied Plaintiff's claim unsuccessfully attempted to obtain the records. (40).

say that the ALJ erred by failing to obtain them. The ALJ has a duty to "develop a complete medical history of at least the preceding twelve months" before the hearing. 42 U.S.C.A. § 423(d)(5)(B) (West 2017); *see also*, 20 C.F.R. § 416.912(b)(1) ("[W]e will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application."); *but see, DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2d Cir. 1998) ("[T]he ALJ was required not only to develop DeChirico's complete medical history for at least the twelve-month period prior to the filing of his application, but also to gather such information for a longer period if there was reason to believe that the information was necessary to reach a decision.") (citation omitted). The Rochester Rehabilitation records involve Plaintiff's condition as it existed five years prior to the date of her application, and the Court cannot say that the ALJ abused his discretion by failing to obtain them.

The ALJ obtained records from Plaintiff's primary care physician, Eric Richard, M.D. ("Richard"), who apparently had been providing the only mental health treatment that Plaintiff received in the years leading up to the ALJ's decision. (23, 62). Such treatment consisted of prescribing Paxil for anxiety and depression. (23). On May 27, 2014, during an office visit, Plaintiff reportedly "state[d] [that] her mood is well controlled with use of Paxil 25 mg total daily." (275).

There is no indication that the ALJ sought an opinion from Dr. Richard concerning the effect, if any, of Plaintiff's anxiety or depression on her ability to work. Many courts in this circuit have held that the ALJ has a duty to develop the record to

7

obtain an opinion from a treating source whenever possible:

> The duty to develop the record goes hand in hand with the treating physician rule, which requires the ALJ to give special deference to the opinion of a claimant's treating physician. An ALJ cannot, of course, pay deference to the opinion of the claimant's treating physician if no such opinion is in the record. Thus, consideration of the duty to develop the record, together with the treating physician rule, produces an obligation that encompasses the duty to obtain information from physicians who can provide opinions about the claimant. The ALJ must make reasonable efforts to obtain a report prepared by a claimant's treating physician even when the treating physician's underlying records have been produced.

*Paredes v. Comm'r of Soc. Sec.*, No. 16-CV-00810 (BCM), 2017 WL 2210865, at *17 (S.D.N.Y. May 19, 2017) (citations and internal quotation marks omitted).[6]

The Second Circuit has indicated, however, that an ALJ's failure to obtain such a report does not necessarily require remand where the record otherwise contains sufficient information about the claimant's residual functional capacity. *See, Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (Interpreting the Commissioner's regulations to mean that "remand is not always required when an ALJ fails in his duty to request opinions, particularly where, as here, the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity."); *see also, Swiantek v. Comm'r of Soc. Sec.*, 588 F. App'x 82, 84 (2d Cir.

---

[6]*See also, Marcano v. Berryhill*, No. 13CV3648NSRLMS, 2017 WL 2571353, at *16, n. 52 (S.D.N.Y. Mar. 29, 2017) ("It is true that, in many respects, an ALJ's obligation to develop the record dovetails with the treating physician rule. The duty to develop a full record compels the ALJ to obtain from the treating source expert opinions as to the nature and severity of the claimed disability. Until he or she satisfies this threshold requirement, the ALJ cannot even begin to discharge his or her duties under the treating physician rule.") (citations and internal quotation marks omitted), report and recommendation adopted sub nom. ISMAEL MARCANO, Plaintiff, v. NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, Defendant., No. 13CV3648NSRLMS, 2017 WL 2560926 (S.D.N.Y. June 13, 2017).

2015) ("Given the extensive medical record before the ALJ in this case, we hold that there were no 'obvious gaps' that necessitate remand solely on the ground that the ALJ failed to obtain a formal opinion from one of MLS's treating physicians.").

Here, the Court does not believe that the ALJ's failure to obtain a report from Richard requires remand. Indeed, the Court believes that a remand for that purpose would be an exercise in futility, since the medical notes give no indication that such a report would support Plaintiff's claim of disability. The subject records, spanning a period of several years (2011-2014), contain only a few passing references to Plaintiff's alleged anxiety and depression, within office notes devoted to other medical issues unrelated to Plaintiff's claim. The most extensive of these was the following two-sentence statement, written on January 28, 2013: "Continues to take Paxil, is afraid to taper off because she has 'anger management problems.' Not interested in seeing a therapist now but considering contacting psychiatrist for med management."[7] (211). A subsequent office note indicated that Plaintiff's anxiety was well-controlled with Paxil. The notes do not indicate that any mental status exams were performed, nor do they suggest that Plaintiff's anxiety/depression were evident or limited her activities.

On the other hand, the report of the consulting psychologist, Dr. Lin, who conducted a full psychological examination, contains far more information than Dr. Richard's notes about Plaintiff's mental condition. Dr. Lin observed Plaintiff when her irritability and poor manner of relating to people were on full display, and she nevertheless opined that Plaintiff's mental impairments were not severe enough to

---

[7] It appears that Plaintiff was interested in changing medications because she was "aware that Paxil [was] . . . contraindicated for use in pregnancy." (211).

9

interfere with her ability to function on a daily basis.  Accordingly, the Court finds that the ALJ had sufficient information upon which to make a determination without requesting a report from Dr. Richard.

Further, the Court finds that the Commissioner's decision is supported by substantial evidence.

## CONCLUSION

Defendant's motion [#10] for judgment on the pleadings is granted and this action is dismissed.  The Clerk of the Court is directed to close this action.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated: Rochester, New York
      June 23, 2017

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge